**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIGOBERTO TORRES-SALGADO,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-74014<br><br>Agency No. A079-812-667<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Rigoberto Torres-Salgado, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order denying his motion to reopen proceedings. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, and review de novo constitutional claims.

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Torres-Salgado's motion to reopen for failure to establish prejudice, where he did not submit with his motion any application for relief or any evidence that he had plausible grounds for the relief he claims he would have sought. *Agyeman v. INS*, 296 F.3d 871, 884 (9th Cir. 2002) (in order to obtain relief, petitioner must show that the due process violation "potentially affect[ed] the outcome of the proceedings").

We lack jurisdiction over Torres-Salgado's unexhausted claims that he was rendered ineffective assistance or that his circumstances warrant equitable tolling of the filing deadline. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

We do not consider documents outside the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

13-74014

Torres-Salgado's remaining contentions that the agency ignored arguments or improperly analyzed whether his 2003 proceedings constituted a gross miscarriage of justice are unavailing.

**PETITIONER FOR REVIEW DENIED in part; DISMISSED in part.**